RECEIVED
USDC CLERK, CHARLESTON, SC

2007 DEC 18  A 10: 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John P. Brown, et al., | ) | C. A. No. 2:00-3215-RBH-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This is an action brought by inmates of the South Carolina Department of Corrections pursuant to 42 U.S.C. § 1983 alleging that the defendants violated their constitutional rights in requiring them to submit a blood sample under the South Carolina DNA Act and pay a $250 fee required by the statute. On October 23, 2007, the plaintiffs were directed to advise the court whether they wished to go forward with this action given its age and recent decisions of the court.

Subsequently the Orders mailed to the address of record of a number of plaintiffs were returned as undeliverable. These plaintiffs are:

>James Baker
>Willie J. Carter, Jr.
>Shawn Glover
>Brian Sanders

On October 26, 2000, shortly after this action was removed to this court, the plaintiffs were advised by the undersigned, "You are ordered to always keep the Clerk of Court advised in

writing (Post Office Box 835, Charleston, South Carolina 29402) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the court." (Docket # 8).

Since it appears that the above named plaintiffs have not kept the court advised of their addresses, it is appropriate and necessary to dismiss this action with regard to them.

**NOW, THEREFORE, IT IS RECOMMENDED** that, because of the failure to keep the court advised of the proper mailing addresses as previously ordered by the court, this action be dismissed as to the following plaintiffs:

> James Baker
> Willie J. Carter, Jr.
> Shawn Glover
> Brian Sanders

> Respectfully Submitted,
>
> Robert S. Carr
> United States Magistrate Judge

Charleston, South Carolina
December 17, 2007

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

3