IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John P. Brown, et al,        ) | |
|                                           ) | Civil Action No. 2:00-3215-RBH |
|         Plaintiffs,             ) | |
|                                           ) | |
| v.                                      ) | |
|                                           ) | **O R D E R** |
| State of South Carolina, et al, ) | |
|         Defendants.          ) | |
| _____) | |

Plaintiffs, Nathaniel White, Harry Sanders, Gonzales Reese, Basil Akbar, and Walter Williams, proceeding *pro se*, are some of the plaintiffs in the above-captioned action, which challenges the South Carolina DNA Act. The action was stayed pending a ruling by this Court in the lead DNA case, Civil Action No. 2:99-cv-05555-RBH. On October 19, 2007, this Court issued an Order addressing the merits in the lead case. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was recommitted to United States Magistrate Robert S. Carr for further pre-trial proceedings on October 23, 2007. On the same date, Magistrate Judge Carr directed the plaintiffs to advise the court within twenty days whether they wished to continue the action or to request dismissal. Plaintiffs were advised that if they failed to respond the action would be subject to being dismissed for lack of prosecution.

The above-named plaintiffs failed to respond within twenty days, and the Magistrate Judge issued a Report and Recommendation on February 4, 2008 which recommended that the case be dismissed as to the above named plaintiffs (and others who are not the subject of this order) for lack of prosecution. On February 13, 2008, White filed objections to the Report, stating that he did not receive

the October 23 order and that he requests that his case go forward. On February 19, 2008, Sanders filed a letter with the Court indicating that he wishes to pursue the case. Sanders does not indicate whether he received the 20-day Order, but his letter indicates that he has a new address. On February 22, 2008, plaintiff Gonzales Reese filed objections stating that he was moved from Allendale Correctional Institution to Lee Correctional Institution; that the Report was forwarded to him; and that he wishes to continue with the case. On February 22, 2008, plaintiffs Akbar and Williams delivered to the prison mailroom "objections" to the Report. These objections will be considered as timely filed under the "prison mailbox rule." Akbar does not indicate whether he received the "twenty-day order", although the mailing envelope indicates that he has a new address. Williams states that he did not receive the "twenty-day order" and that the only mailing that he received was the Report and Recommendation.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

On the basis of the filings by the above-named plaintiffs, the Court recommits the case to the Magistrate Judge for further proceedings regarding whether White, Williams, Sanders, Akbar, and

Reese received the 20-day order[1] and for all other appropriate proceedings.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

March 17, 2008
Florence, South Carolina

---

[1] The defendant may have records regarding prisoner mail that may have a bearing on this matter.