IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

James Furtick, et al.,              )    C.A. No. 2:00-3215-RBH-RSC
                                    )
              Plaintiff,            )
                                    )
         -versus-                   )    **REPORT AND RECOMMENDATION**
                                    )
State of South Carolina, et         )
al.,                                )
                                    )
              Defendant.            )

The Plaintiff, James Furtick, proceeding pro se, has an

action pending in Federal Court pursuant to 42 U.S.C. § 1983

alleging that the defendant violated various provisions of the

United States and South Carolina constitutions in requiring him

to submit a blood sample under the South Carolina DNA Act and pay

the $250 fee required by the statute.  It came to the attention

of the court in August 2008 that the plaintiff, Mr. James

Furtick, had died on March 2, 2008.

According to Rule 25(a)(1) of the Federal Rules of Civil

Procedure, if a party to an action dies, a motion for

substitution may be made by any party or by the decedent's

successor or representative within 90 days after service of a

statement noting the death.  If the motion is not made within 90

days of the notice of death, the action by or against the

decedent must be dismissed.

Additionally, Rule 25(a)(3) of the Federal Rules of Civil Procedure requires that a motion to substitute, together with a notice of hearing, must be served on parties to the action according to Rule 5 and nonparties as provided in Rule 4 and may be served in any judicial district.

On August 6, 2008, the undersigned entered an order advising that unless an appropriate party made a motion under Rule 25 of the Federal Rules of Civil Procedure for substitution within 90 days, this action would be subject to dismissal.

As of this date, nothing has been filed with the court. Therefore, it is recommended that this action be dismissed with prejudice for failure of a party to prosecute the claims and failure to respond to the Order of this court for substitution of a party for James Furtick. Rule 41(b) Federal Rules of Civil Procedure and 25(a).

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
November 20, 2008

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).