IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2009 DEC -7 P 3: 14

| | |
|---|---|
| Richard E. Blackburn, Tom Clark, Kather Gray, Willie Johnson, Walter Williams, Basil Akbar, Lucius Drafts, Gonzales Reese, Dwayne Williams, Nathaniel White, George E. Brown, Tony DeLoach, and Daniel Archie Jones,<br><br>Plaintiffs,<br><br>v.<br><br>State of South Carolina, et al,<br>Defendants. | Civil Action No. 2:03-2475-RBH<br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

Plaintiffs, proceeding *pro se*, bring this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated their constitutional rights in requiring them to submit a blood sample under the South Carolina DNA Act, S.C. Code Ann. Section 23-3-600 *et seq* and pay the $250 fee required by the statute.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr filed January 21, 2009 [Docket Entry # 585]. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in

1

whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### *Plaintiffs Kather Gray, Willie Johnson, Gonzales Reese, and Dwayne Williams*

Plaintiffs Kather Gray, Willie Johnson, Gonzales Reese, and Dwayne Williams have not filed objections to the Report and Recommendation of the Magistrate Judge. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the recommendation of the Magistrate Judge is adopted as to these plaintiffs and the defendants' motion for summary judgment is granted as to those plaintiffs.

### *Plaintiffs Tony DeLoach and George E. Brown*

Plaintiffs Tony DeLoach and George E. Brown have filed timely objections to the Report. However, their objections lack specificity. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. *See* 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added). Plaintiffs' objections fail to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiffs' filings do not

2

satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiffs' filings are simply an effort to rehash the allegations of their complaint. Therefore, the Court grants the defendants' motion for summary judgment as to Tony DeLoach and George E. Brown.

### *Plaintiffs Nathaniel White and Daniel Archie Jones*

Plaintiffs Nathaniel White and Daniel Archie Jones have filed objections with the Court, but those objections were not timely filed. The parties were notified through an attachment to the Report and Recommendation that "failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." (Docket Entry #585, page 19). The parties were further notified that objections to the Report must be filed within ten days of the date of service, exclusive of weekends and holidays and provides for an additional three days for service by mail. The Report and Recommendation was mailed to the plaintiffs on January 21, 2009, thus creating a deadline of February 9, 2009 for filing objections. Plaintiff Nathaniel White's objections were received for filing by the Clerk of Court on February 13, 2009. He delivered his objections to the prison mailroom on February 12, 2009. (*See* Certificate of Service and prison mailroom stamp, Docket Entry #600.) Therefore, even

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3

giving Plaintiff White the benefit of the prison mailbox rule, his objections were filed three days late. Plaintiff Daniel Archie Jones' objections were received by the Clerk on February 18, 2009. He indicates in his Certificate of Service that his objections were mailed on February 11, 2009 although the date on the prison mailroom stamp is difficult to read. (It does appear that the date has two digits, so it does appear to be after February 9, which was the deadline for filing objections to the Report.) Jones' objections are accordingly also late and will not be considered. Therefore, the motion for summary judgment is granted as to Plaintiffs Nathaniel White and Daniel Archie Jones.

### *Plaintiffs Basil W. Akbar, Lucius Drafts, Tom Clark*, *and Richard Blackburn*

The Court will next address the objections of Plaintiffs Basil W. Akbar, Lucius Drafts, Tom Clark, and Richard Blackburn.

### **EX POST FACTO CLAUSE OF UNITED STATES CONSTITUTION**

Plaintiffs object to the recommended finding that the provision of a blood sample and payment of a $250 fee as required by the South Carolina DNA Act is not violative of the Ex Post Facto Clause. The Court's analysis of this case under the Ex Post Facto Clause is controlled by an opinion issued by the Fourth Circuit Court of Appeals which upheld the constitutionality of the DNA Act under the Ex Post Facto Clause but severed and found unenforceable the provision of the statute that "the fee must be paid before the person is paroled or released from confinement". S.C. Code Ann. § 23-3-670(A). *See In re DNA Ex Post Facto Issues, Eubanks v. South Carolina Department of Corrections, et al.*, 561 F.3d 294 (4th Cir. 2009). The Fourth Circuit held that "neither the DNA testing requirement nor the requirement that the defendants pay the $250 fee are penal in nature." It further held that the fee requirement is not "so punitive in fact that the law may not legitimately be viewed as civil in nature." *Id.*, 561 F.3d at 300, citing *United States v. O'Neal*, 180 F.3d 115, 122 (4th Cir. 1999). Therefore, on

4

the basis of the analysis by the Fourth Circuit, the Court overrules the plaintiffs' objections in regard to the Ex Post Facto Clause except to the extent that the Plaintiffs' release dates cannot be delayed if the fee has not been paid.

**FOURTH AMENDMENT TO UNITED STATES CONSTITUTION**

Plaintiffs also challenge the Magistrate's recommended finding that the DNA statute does not violate the Fourth Amendment. They contend that probable cause is required before blood can be drawn and the $250 fee charged. The Fourth Circuit addressed this issue in *Jones v. Murray*, 962 F.2d 302 (4th Cir. 1992) and held that Virginia's DNA statute did not violate the Fourth Amendment. The Court states: "As with fingerprinting, therefore, we find that the Fourth Amendment does not require an additional finding of individualized suspicion before blood can be taken from incarcerated felons for the purpose of identifying them." *Id*., 962 F.2d at 306-307. The court further found that blood testing was reasonable for the purpose of identification and "improved law enforcement." *Id*., 962 F.2d at 307.

**FIFTH AMENDMENT "TAKINGS CLAUSE"(UNITED STATES CONSTITUTION)**

Plaintiffs make no specific objections to the Magistrate's findings regarding the Fifth Amendment "takings clause", that Plaintiffs have not presented any authority to suggest that they have a property interest in their blood or that a blood sample seized under the DNA Act constitutes property for which "just compensation" should be paid. Therefore, it is not necessary to discuss the issue any further.

**DUE PROCESS CLAUSE OF UNITED STATES CONSTITUTION**

Plaintiffs Clark and Akbar contend in their objections that the "extraction of blood initiated a witch hunt investigation without given benefit of his rights to be informed of any charges, nor issued a warrant" and that they were deprived of due process under the Fourteenth Amendment. Plaintiff

5

Blackburn asserts that his procedural and substantive due process rights were violated in that the blood tests were not routine and that he was coerced through deception to provide the blood.

The Court finds that the collection of a blood sample under the Act does not "offend a sense of justice" or constitute conduct that "shocks the conscience."so as to violate substantive due process rights. *See Breithaupt v. Abram*, 352 U.S. 432, 433 (1957) ("[D]ue process is not measured by the yardstick of personal reaction or the sphygmogram of the most sensitive person, but by the whole community sense of 'decency and fairness' that has been woven by common experience into the fabric of acceptable conduct."); *Schmerber v. California*, 384 U.S. 757 (1966); *Kruger v. Erickson*, 875 F. Supp. 583 (D. Minn. 1995).

Plaintiffs also contend that the drawing of the blood without a hearing denies them procedural due process. However, this argument has been consistently rejected by the courts which have addressed it. "When the legislature passes a law which affects a general class of persons, those persons have all received procedural due process-the legislative process." *Vanderlinden v. State of Kansas*, 874 F.Supp. 1210 (D. Kan. 1995), citing *Oklahoma Education Assoc. v. Alcoholic Beverage Laws Enforcement Comm'n*, 889 F.2d 929, 936 (10th Cir. 1989). *See also, Boling v. Romer*, 101 F.3d 1336 (10th Cir. 1996); *Rise v. State of Oregon*, 59 F.3d 1556 (9th Cir. 1995) (Due Process Clause does not require a hearing before involuntary extraction of blood for DNA sample; where the only requirement for obtaining DNA sample is conviction of predicate offense, there would be little to contest at a hearing.)

Plaintiff Blackburn's objections relating to procedural due process appear to be twofold. First, he contends that the South Carolina Department of Corrections lacked authority under state law to collect the fee or the blood sample because SLED has not implemented regulations giving SCDC the authority to collect the fee and that this violates due process. This claim was not alleged in the original

Complaint and it was not mentioned in Blackburn's Response to the Motion for Summary Judgment. The argument was first raised in the plaintiff's objections to the Report and Recommendation. Thus, it would be inappropriate for this Court to entertain this argument at the summary judgment stage, as it was not presented to the Magistrate Judge. *See e.g., Marshall v. Charter*, 75 F.3d 1421, 1426 (10th cir. 1996) (issues first raised in objections deemed waived); *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (Magistrates Act not "intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), *overruled in part on other grounds, United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their best shot but all of their shots").

Second, Plaintiff Blackburn makes due process allegations regarding the source of the funds deducted from his prison trust account and seems to be contending that SCDC deducted monies from improper sources, i.e., collecting from both wages earned and also from non-wages such as moneys received from friends or family. This issue was raised in the plaintiff's Complaint.[2] However, it was not addressed in the defendants' motion for summary judgment[3] or in the Report and Recommendation.

---

[2] The Complaint alleges that Defendants "unlawfully took funds from their Cooper Trust Fund Accounts, to collect $250.00 for the taking of the DNA samples, without regard of the source of those funds, or the deprivation, hardships and suffering such caused Plaintiffs, without any consent from Plaintiffs or any who provided those funds to Plaintiffs."

[3] Defendant indicates in its Memorandum in Support of Motion for Summary Judgment (Docket Entry #499-1, footnote 8), that "Plaintiffs have not challenged the procedures in place at SCDC for collecting the $250.00 processing fee," and cites *Sanders v. S.C. Department of Corrections*, 379 S.C. 411, 665 S.E.2d 231 (Ct. App. 2008). However, *Sanders* found substantial evidence in the record to support a finding by the Administrative Law Judge that notice of the fee collection procedure was provided to the inmates in that case. In the instant case, the record is not clear as to the applicable facts pertinent to the due process issue relating to the collection of the fee.

7

The record does not appear to have been developed on this issue. Therefore, the plaintiff's Blackburn's federal due process claim based on the source of the funds which were deducted to pay the processing fee is re-committed to the Magistrate for further proceedings. The Clerk is directed to create a new civil action number for the claim and to file the plaintiff's Complaint, docket Entry #1, in the new action. However, the only claim to be addressed in the new proceeding is the due process claim based on the source of the fee from Blackburn's trust account.

**EIGHTH AMENDMENT TO UNITED STATES CONSTITUTION**

Plaintiffs Clark, Akbar, and Drafts[4] assert an Eighth Amendment claim based on the "unsanitary environment" of the location the blood was drawn (the prison gymnasium). However, this claim is speculative and does not fit within the jurisprudence of cruel and unusual punishment. *See, e.g., United States v. Hicks*, 471 F.3d 766,774-775 (7th Cir. 2006)("Further, the government's desire for identifying information along with the minimal pain and discomfort accompanying a blood draw take the DNA Act outside of the ambit of cruel and unusual punishment.")

**STATE LAW CLAIMS**

As to their state common law tort claims for negligence and gross negligence, Plaintiffs Akbar and Clark contend that the South Carolina Post Conviction Relief Act "does not provide for a Post Conviction Relief DNA testing statute contrary to the requirement of law, therefore the Plaintiffs are not expecting to receive any personal benefit from paying the government debt, and . . . defendants negligent conduct involved an unreasonable risk of causing an invasion of interest of the Plaintiff, thus, fail to take necessary actions." Regarding sovereign immunity, they argue that the state can be liable where the allegedly injurious actions are "proprietary rather than governmental." Plaintiff Blackburn

---

[4] Plaintiff Blackburn abandons this argument in his objections.

asserts that the government is not immune under the Tort Claims Act where it "exercised its discretion in a grossly negligent manner." He also alleges that the Act does not provide immunity to an employee who acts with actual malice and requests that his state common law and constitutional claims be remanded to state court.

The court will first address the objections of Akbar and Clark. These objections patently lack merit and are overruled. As to the objections of Blackburn, he has requested that all of his state common law and state constitutional claims be remanded to state court. The Court declines to exercise supplemental jurisdiction over Plaintiff's Blackburn's state law claims and remands those to the Court of Common Pleas of the Fifth Judicial Circuit.

***Objections by Walter Williams***

Plaintiff Walter Williams asserts in his objections that he is an Interstate Compact Agreement Inmate and that he has never been convicted of any crime in South Carolina. He further asserts that the State of New Jersey has his DNA on file and asks that all of the fees he paid to the State of South Carolina be refunded. He appears to contend that he actually paid the fee to the State of South Carolina twice. Defendants filed a Reply to the Response by Williams to the Motion for Summary Judgment (Docket Entry # 527), in which they take the position that any claims for negligent deprivations of life, liberty, or property are not actionable under Section 1983 and that a negligence claim was not pled. In addition, they contend that S.C. Code Ann. Section 23-3-620 requires that any person convicted of a felony and incarcerated in a "state correctional facility" are required to submit a DNA sample under the statute. The Report and Recommendation does not address this issue specifically. It simply finds generally that the imposition of the fee does not violate the United States Constitution. The Court dismisses the plaintiff's federal claims for the reasons argued by the government, except to the extent

9

that his release date cannot be delayed if he has not paid the $250 fee. However, any state law claims pled by the plaintiff Walter Williams are remanded to state court.

## CONCLUSION

The Court has reviewed the Report, pleadings, objections, and applicable law. The Court adopts the Report and Recommendation in part and respectfully rejects it in part as specified herein. Defendants' motion for summary judgment is **GRANTED** as to Plaintiffs Kather Gray, Willie Johnson, Gonzales Reese, Dwayne Williams, Tony DeLoach, George E. Brown, Nathaniel White, and Daniel Archie Jones. The Defendants' motion for summary judgment is also granted as to the federal claims of Plaintiffs Basil W. Akbar, Lucius Drafts, Tom Clark, and Walter Williams, except that the release dates of these plaintiffs cannot be delayed if the $250 processing fee has not been paid. The defendants' motion for summary judgment is also granted as to Plaintiff Blackburn's federal claims other than his procedural due process claim based on the source of the funds deducted from his prison trust account, except that his release date cannot be delayed if the $250 processing fee has not been paid. The Court declines to exercise supplemental jurisdiction over any state law claims of Plaintiffs Richard Blackburn and Walter Williams and those are remanded to the Court of Common Pleas for Richland County, South Carolina.

The Clerk of this Court is also directed to create a new civil action number for the due process claim of Plaintiff Richard Blackburn and is further directed to file the plaintiff's Complaint, docket Entry #1, in the new action. However, the only claim to be addressed in the new proceeding is Blackburn's due process claim based on the source of the fees deducted from Blackburn's trust account.

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

December 4, 2009
Florence, South Carolina